UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GS HOLISTIC, LLC,

                                   Plaintiff,

                 -against-

SHIRLEY SMOKE & GLASS INC *doing business as*
SHIRLEY SMOKE & CIGARS, MUHAMMAD ALI FAIZ
and ATTA MUHAMMAD HUSSAIN,

                                  Defendants.
-------------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
25-CV-2910 (JMA) (ARL)

**LINDSAY, Magistrate Judge:**

The plaintiff, GS Holistic, LLC ("GS Holistic"), commenced this Lanham Act case on May 27, 2025, alleging that the defendants, Shirley Smoke and Glass Inc. d/b/a Shirley Smoke and Cigars ("Shirley Smoke"), Muhammad Ali Faiz ("Faiz") and Atta Muhammad Hussain ("Hussain"), were selling counterfeit goods identical with, or substantially indistinguishable from, their products marketed and sold using the G Pen trademark. The following day, the undersigned issued a Scheduling Order, which directed the parties to complete and file a Rule 26(f) report by July 23, 2025. The Court also scheduled a conference for July 30, 2025. ECF No. 7.

According to the docket sheet, Shirley Smoke was not served until July 11, 2025. ECF No. 19. It is not clear if or when Faiz was served, but before any of the defendants filed an answer, counsel for GS Holistic wrote to the Court advising that he was unavailable for the July 30 conference due to a death in his family. ECF No. 20. At the same time, he advised that not all of the defendants had been served. *Id.*

In response to counsel's letter, the undersigned adjourned the conference to August 20, 2025, and extended the time to submit the Rule 26(f) report to August 13, 2025. The following

week, the defendants, Shirley Smoke and Faiz filed an answer.  ECF No. 22.  Hussain was served on August 5, 2025, but, to date, has not answered.  ECF No. 24.

On August 14, 2025, the undersigned was required to issue another order to address the parties' failure to submit the Rule 26(f) report by August 13, 2025.  At that time, the Court adjourned the August 20, 2025 conference without date and extended the parties time to submit the Rule 26(f) report to August 28, 2025.  Once again, the parties failed to submit the report and the Court issued a third order directing them to submit the meeting plan or a joint status letter by September 19, 2025.

Indeed, it was only after the Court warned the parties that failure to comply could lead to sanctions, including dismissal of the action, that a Rule 26(f) report was filed.  ECF No. 25. Upon receipt of the report, the undersigned scheduled an initial conference for October 22, 2025. In fact, two days before the conference, the Court entered an order reminding the parties of the conference and providing call instructions.  Despite that order, counsel for the plaintiff failed to appear for the October 22, 2025 initial conference.  In addition, by mid-December, there had been no further communication from counsel.  Accordingly, by order dated December 18, 2025, the undersigned directed the plaintiff to submit either a status letter or, given the delay, a joint revised Rule 26(f) report by January 9, 2025.  Again, the Court warned the plaintiff that failure to respond to the order could result in a recommendation to the District Judge that the matter be dismissed for failure to prosecute.

On January 12, 2026, the undersigned received a letter from plaintiff's counsel apologizing for missing the conference.  Counsel indicated that he had not calendared the conference correctly on his system and that his client had made some changes to the litigation team, but that they were back on track.  In addition, counsel advised that he had sent defense

counsel a proposed scheduling order and hoped to connect with him in a day or two to finalize and file a revised Rule 26(f) report with the Court.  ECF No. 26.  Ten days later, Shirley Smoke and Faiz filed a motion seeking to dismiss the case for failure to prosecute.  The defendants argued that the plaintiff had failed to comply with the Court's December 18, 2025 order, having filed the status report three days after the deadline set by the Court.  Rather than dismissing the case, by order dated March 13, 2026, the Court gave GS  Holistic one more chance to move forward with the case by filing a revised Rule 26(f) report.  Specifically, the Court directed the parties to confer by phone to discuss any changes or additions to the proposed scheduling plan. It also ordered the plaintiff to file a revised Rule 26(f) report incorporating those changes by March 27, 2026.

GS Holistic missed the March 27, 2026 deadline, failed to request an extension, and failed to communicate with defense counsel.  ECF No. 29.  In fact, according to defense counsel, as of April 9, 2026, GS Holistic had made no attempt to explain or remedy its failure.  *Id.*  As such, Shirley Smoke and Faiz filed a renewed motion to dismiss.  *Id*.  Despite service of the renewed motion, the plaintiff has failed to respond.

Federal Rule of Civil Procedure 41(b) provides a district court with the authority to dismiss an action for failure to prosecute or to follow a court order.  Fed. R. Civ. P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  Failure to prosecute can "evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp*., 682 F.2d 37, 42 (2d Cir. 1982). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be

3

prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). Courts must "evaluate the record in its entirety because '[n]o one factor is dispositive.'" *United States ex rel. Weiner v. Siemens AG*, 87 F.4th 157, 164 (2d Cir. 2023) (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). "As 'no one factor is dispositive,' courts need only provide an explanation for the dismissal rather than consider each factor." *Nodify, Inc. v. Kristan*, No. 17-CV-2201, 2020 WL 13566475, at *1 (E.D.N.Y. Apr. 17, 2020) (quoting *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001)), report and recommendation adopted, 2020 WL 13566476 (E.D.N.Y. May 6, 2020).

In this case, GS Holistic has repeatedly missed deadlines set by the Court. In addition, GS Holistic was repeatedly warned that its failure to comply with the Court's orders could lead to the entry of dismissal. The Court has been attempting to enter a scheduling order for discovery and conduct an initial conference since August 2025, and despite being granted numerous extensions, the plaintiff keeps disappearing. Under these circumstances, the matter cannot proceed. Certainly, the defendants would be prejudiced should this case remain open, to say nothing of the need to alleviate court congestion where the plaintiff has been nonresponsive. The undersigned, therefore, respectfully recommends that this case be dismissed with prejudice for failure to prosecute.

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the plaintiff shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF. Plaintiff

4

must file its objections in writing with the Clerk of the Court within the prescribed time period noted above.  Any requests for an extension of time for filing objections must be directed to the District Judge prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985*); Beverly v. Walker,* 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:   Central Islip, New York
        April 24, 2026                              _____/s_____
                                                    ARLENE R. LINDSAY
                                                    United States Magistrate Judge